**BOARD OF WATER, LIGHT AND SINK-
ING FUND COMMISSIONERS OF the
CITY OF DALTON, GEORGIA, Peti-
tioners,**

v.

**FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,**

**Atlanta Gas Light Company, Chattanoo-
ga Gas Company, Southern Natural
Gas Company, Intervenors.**

No. 90–1377.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 4, 1991.

Decided April 26, 1991.

John T. Miller, Jr., for petitioner.

Catherine C. Cook, Atty., FERC, for re-
spondent. William S. Scherman, Gen.
Counsel, Jerome M. Feit, Sol., and Kath-
erine Waldbauer, Atty., FERC, were on the
brief for respondent.

James J. Flood, Jr., William A. Major, Jr.,
Donna J. Bailey, and W. Perry Webb were
on the brief for intervenor, Southern Natu-
ral Gas Co.

John T. Stough, Jr., John E. Holtzinger,
Jr., and Jacolyn A. Simmons entered ap-
pearances for intervenor, Atlanta Gas
Light Company and Chattanooga Gas Co.

Before D.H. GINSBURG, SENTELLE,
and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit
Judge D.H. GINSBURG.

D.H. GINSBURG, Circuit Judge:

The Board of Water, Light and Sinking
Fund Commissioners of the City of Dalton,
Georgia (hereinafter "Dalton") challenged
before the Federal Energy Regulatory
Commission certain of the costs included in
the Southern Natural Gas Company's Pur-
chased Gas Adjustment filing of January
1990. The Commission rejected the chal-
lenge both as precluded and as ill-founded
on its merits, but also noted that Dalton's
arguments "can be raised in the context of
a Southern Natural [§ 4] rate case."
*Southern Natural Gas Co.,* 50 FERC
¶ 61,428, *reh'g denied,* 52 FERC ¶ 61,030
(1990). Because we agree with the last-
mentioned point, we deny the petition for
review.

I.

In the proceeding under review, South-
ern Natural sought to include in its PGA
the payments that it makes under the mini-
mum bill provision of its contract for liquid
natural gas (LNG) with its affiliate, South-
ern Energy Company. (Such minimum bill
payments had always been approved for
inclusion in years past.) The minimum bill
provision allows Southern Energy to recov-
er certain fixed costs of its LNG facility in
the event that it is unable to provide LNG
for any period exceeding one day. South-
ern Energy has been unable to provide
LNG to Southern Natural since Algeria
decided in 1980 to stop shipping LNG to the
United States.

Dalton, a customer of Southern Natural, intervened in the PGA proceeding and argued that the current minimum bill payments are for a facility that is not "used and useful," and that such payments are not a cost of "gas supply" as required by the PGA regulations. 18 C.F.R. § 154.305(c)(2). The Commission held that Dalton was precluded from bringing this challenge because the FERC had specifically authorized Southern Natural to recover its minimum bill costs through the PGA, in a 1979 proceeding to which Dalton was a party, and that the dormant LNG facility came within the concept of "gas supply," as defined in its regulations. In denying Dalton's petition for rehearing, however, the Commission added that Dalton's arguments could properly be made in a pending Southern Natural rate case. 52 FERC ¶ 61,030, at 61,162.

In support of its position that Dalton may challenge the propriety of Southern Natural's passing the minimum bill payments through its PGA in a § 4 rate case, the Commission relies upon *Associated Gas Distributors v. FERC,* 706 F.2d 344, 348 (D.C.Cir.1983) (*"AGD"*). In that case, we dismissed a petition for review of a PGA proceeding because

1) a pipeline cannot use the PGA procedure without subjecting all of its costs and revenues to full review [under § 4] at least once every three years, 2) that full review encompasses all of the PGA proceedings during the relevant time period, 3) any legal or factual question relevant to those PGA proceedings is not mooted if it remains unanswered until the full review takes place, and 4) adequate relief remains available.

Dalton complains that, if it is relegated to seeking relief in Southern Natural's pending rate case, (1) it may find itself in the less favorable position of a § 5 challenger to an established rate, rather than a § 4 challenger to a rate increase, and (2) it may be unable to get a refund of some or all of the monies collected pursuant to the PGA approved in the proceeding that is the object of the present petition. Furthermore, Dalton contends, our decision in *AGD* rested in part upon the petitioner's

failure "to allege any specific wrongdoing" in support of its claim that the pipeline's gas purchases may have been fraudulent or abusive, whereas Dalton objects to a specific cost item on the specific ground that it is for a facility not used and useful to ratepayers.

Dalton's concern about the adequacy of the relief available to it in the § 4 proceeding is unfounded. As in *AGD,* the "full review" available in the pending (or in any subsequent) rate case "encompasses all of the PGA proceedings during the relevant time period," and Dalton will be able to raise "any legal or factual question relevant to those PGA proceedings." Moreover, because the FERC approved the challenged PGA subject to refund, Dalton will be in no worse position than it was prior to the approval of the PGA. The Commission recognizes as much by advancing the rationale of the *AGD* case, and intervenor Southern Natural takes no exception to this view in its brief. With the FERC's choice of forum posing no threat to Dalton's ability to present its case on the merits, the Commission is well within its "broad 'discretion to order its business as it [sees] fit and to leave petitioners to their remedies in another proceeding.'" *Kansas Power and Light Co. v. FERC,* 851 F.2d 1479, 1484 (D.C.Cir.1988) (quoting *Southern Union Gas Co. v. FERC,* 840 F.2d 964, 971 (D.C. Cir.1988) (approving Commission's deferral of issues from a requested § 5 hearing to a § 4 or PGA proceeding)).

Dalton's attempt to distinguish this case from *AGD* is not persuasive. Although Dalton is correct in noting that the petitioner in *AGD* made little if any showing of impropriety in the PGA it was challenging, that was not, nor could it have been, a basis for our determination that adequate relief was available under § 4 (as opposed to our determination that the Commission had not abused its discretion in denying discovery). The Commission says it prefers to address Dalton's claim in a § 4 case not because that claim lacks specificity, but because the "Commission recognizes that, given that [Southern Energy] has not provided LNG to [Southern Natural] for 10

years, the question of whether [Southern Natural] should continue to be allowed to charge its customers for its minimum bill payments to [Southern Energy] is significant." The Commission is thus of the opinion that "such a challenge should be raised in the context of a Section 4 rate case, not in a 'mechanized and expedited' PGA process. *Associated Gas Distributors*, 706 F.2d at 347." FERC Brief at 14. This is a different but as acceptable a reason as the Commission had in *AGD* itself for the exercise of its discretion to address a matter in a rate case rather than a PGA proceeding.

## II.

Because the merits of Dalton's challenge will be fully considered in a pending (or subsequent) Commission proceeding, we do not address them now. Whether the minimum bill payments that Southern Natural sought to pass through in this specific PGA proceeding are unlawful, notwithstanding the Commission's authorization of PGA treatment for minimum bill payments in general, is an issue that the Commission can consider in the full light of its § 4 case, and ought not be resolved by this court on review of the relatively "mechanized and expedited" PGA process. All other aspects of the Commission's decision on the merits may likewise profit from the broader perspective of a plenary rate proceeding, and we shall not assume that its current rationale, or even the result, will necessarily remain the same. For these reasons we limit our review to the Commission's discretionary choice between two proceedings providing comparable opportunities for relief, as to which the petition for review is

*Denied.*