931 F.2d 94
 289 U.S.App.D.C. 249, 123 P.U.R.4th 572
 BOARD OF WATER, LIGHT AND SINKING FUND COMMISSIONERS OF the
CITY OF DALTON, GEORGIA, Petitioners,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Atlanta Gas Light Company, Chattanooga Gas Company, Southern
Natural Gas Company, Intervenors.
 No. 90-1377.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued April 4, 1991.
Decided April 26, 1991.
 
 John T. Miller, Jr., for petitioner.
 Catherine C. Cook, Atty., FERC, for respondent. William S. Scherman, Gen. Counsel, Jerome M. Feit, Sol., and Katherine Waldbauer, Atty., FERC, were on the brief for respondent.
 James J. Flood, Jr., William A. Major, Jr., Donna J. Bailey, and W. Perry Webb were on the brief for intervenor, Southern Natural Gas Co.
 John T. Stough, Jr., John E. Holtzinger, Jr., and Jacolyn A. Simmons entered appearances for intervenor, Atlanta Gas Light Company and Chattanooga Gas Co.
 Before D.H. GINSBURG, SENTELLE, and HENDERSON, Circuit Judges.
 Opinion for the Court filed by Circuit Judge D.H. GINSBURG.
 D.H. GINSBURG, Circuit Judge:
 
 
 1
 The Board of Water, Light and Sinking Fund Commissioners of the City of Dalton, Georgia (hereinafter "Dalton") challenged before the Federal Energy Regulatory Commission certain of the costs included in the Southern Natural Gas Company's Purchased Gas Adjustment filing of January 1990. The Commission rejected the challenge both as precluded and as ill-founded on its merits, but also noted that Dalton's arguments "can be raised in the context of a Southern Natural [Sec. 4] rate case." Southern Natural Gas Co., 50 FERC p 61,428, reh'g denied, 52 FERC p 61,030 (1990). Because we agree with the last-mentioned point, we deny the petition for review.
 
 I.
 
 2
 In the proceeding under review, Southern Natural sought to include in its PGA the payments that it makes under the minimum bill provision of its contract for liquid natural gas (LNG) with its affiliate, Southern Energy Company. (Such minimum bill payments had always been approved for inclusion in years past.) The minimum bill provision allows Southern Energy to recover certain fixed costs of its LNG facility in the event that it is unable to provide LNG for any period exceeding one day. Southern Energy has been unable to provide LNG to Southern Natural since Algeria decided in 1980 to stop shipping LNG to the United States.
 
 
 3
 Dalton, a customer of Southern Natural, intervened in the PGA proceeding and argued that the current minimum bill payments are for a facility that is not "used and useful," and that such payments are not a cost of "gas supply" as required by the PGA regulations. 18 C.F.R. Sec. 154.305(c)(2). The Commission held that Dalton was precluded from bringing this challenge because the FERC had specifically authorized Southern Natural to recover its minimum bill costs through the PGA, in a 1979 proceeding to which Dalton was a party, and that the dormant LNG facility came within the concept of "gas supply," as defined in its regulations. In denying Dalton's petition for rehearing, however, the Commission added that Dalton's arguments could properly be made in a pending Southern Natural rate case. 52 FERC p 61,030, at 61,162.
 
 
 4
 In support of its position that Dalton may challenge the propriety of Southern Natural's passing the minimum bill payments through its PGA in a Sec. 4 rate case, the Commission relies upon Associated Gas Distributors v. FERC, 706 F.2d 344, 348 (D.C.Cir.1983) ("AGD "). In that case, we dismissed a petition for review of a PGA proceeding because
 
 
 5
 1) a pipeline cannot use the PGA procedure without subjecting all of its costs and revenues to full review [under Sec. 4] at least once every three years, 2) that full review encompasses all of the PGA proceedings during the relevant time period, 3) any legal or factual question relevant to those PGA proceedings is not mooted if it remains unanswered until the full review takes place, and 4) adequate relief remains available.
 
 
 6
 Dalton complains that, if it is relegated to seeking relief in Southern Natural's pending rate case, (1) it may find itself in the less favorable position of a Sec. 5 challenger to an established rate, rather than a Sec. 4 challenger to a rate increase, and (2) it may be unable to get a refund of some or all of the monies collected pursuant to the PGA approved in the proceeding that is the object of the present petition. Furthermore, Dalton contends, our decision in AGD rested in part upon the petitioner's failure "to allege any specific wrongdoing" in support of its claim that the pipeline's gas purchases may have been fraudulent or abusive, whereas Dalton objects to a specific cost item on the specific ground that it is for a facility not used and useful to ratepayers.
 
 
 7
 Dalton's concern about the adequacy of the relief available to it in the Sec. 4 proceeding is unfounded. As in AGD, the "full review" available in the pending (or in any subsequent) rate case "encompasses all of the PGA proceedings during the relevant time period," and Dalton will be able to raise "any legal or factual question relevant to those PGA proceedings." Moreover, because the FERC approved the challenged PGA subject to refund, Dalton will be in no worse position than it was prior to the approval of the PGA. The Commission recognizes as much by advancing the rationale of the AGD case, and intervenor Southern Natural takes no exception to this view in its brief. With the FERC's choice of forum posing no threat to Dalton's ability to present its case on the merits, the Commission is well within its "broad 'discretion to order its business as it [sees] fit and to leave petitioners to their remedies in another proceeding.' " Kansas Power and Light Co. v. FERC, 851 F.2d 1479, 1484 (D.C.Cir.1988) (quoting Southern Union Gas Co. v. FERC, 840 F.2d 964, 971 (D.C.Cir.1988) (approving Commission's deferral of issues from a requested Sec. 5 hearing to a Sec. 4 or PGA proceeding)).
 
 
 8
 Dalton's attempt to distinguish this case from AGD is not persuasive. Although Dalton is correct in noting that the petitioner in AGD made little if any showing of impropriety in the PGA it was challenging, that was not, nor could it have been, a basis for our determination that adequate relief was available under Sec. 4 (as opposed to our determination that the Commission had not abused its discretion in denying discovery). The Commission says it prefers to address Dalton's claim in a Sec. 4 case not because that claim lacks specificity, but because the "Commission recognizes that, given that [Southern Energy] has not provided LNG to [Southern Natural] for 10 years, the question of whether [Southern Natural] should continue to be allowed to charge its customers for its minimum bill payments to [Southern Energy] is significant." The Commission is thus of the opinion that "such a challenge should be raised in the context of a Section 4 rate case, not in a 'mechanized and expedited' PGA process. Associated Gas Distributors, 706 F.2d at 347." FERC Brief at 14. This is a different but as acceptable a reason as the Commission had in AGD itself for the exercise of its discretion to address a matter in a rate case rather than a PGA proceeding.
 
 II.
 
 9
 Because the merits of Dalton's challenge will be fully considered in a pending (or subsequent) Commission proceeding, we do not address them now. Whether the minimum bill payments that Southern Natural sought to pass through in this specific PGA proceeding are unlawful, notwithstanding the Commission's authorization of PGA treatment for minimum bill payments in general, is an issue that the Commission can consider in the full light of its Sec. 4 case, and ought not be resolved by this court on review of the relatively "mechanized and expedited" PGA process. All other aspects of the Commission's decision on the merits may likewise profit from the broader perspective of a plenary rate proceeding, and we shall not assume that its current rationale, or even the result, will necessarily remain the same. For these reasons we limit our review to the Commission's discretionary choice between two proceedings providing comparable opportunities for relief, as to which the petition for review is
 
 
 10
 Denied.